IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA J. BROTHERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> JO ANNE B. BARNHART, ) <br> COMMISSIONER OF ) <br> SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 04-214J |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of March, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits and supplemental security income on October 27, 2000, alleging a disability onset date of January 13, 1999, due to back pain. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on December 14, 2001, at which plaintiff, represented by counsel, appeared and testified. On February 20, 2002, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council subsequently denied review and plaintiff appealed to the United States District Court.

On September 30, 2003, Judge Conti issued a decision remanding the case back to the Commissioner for two reasons: (1) to determine whether plaintiff's impairments in combination meet Listing 1.05C; and, (2) to address the effect of plaintiff's medications on her residual functional capacity. Upon further development of the administrative record, a second hearing was held before the ALJ on April 5, 2004. On April 20, 2004, the ALJ, after re-evaluating plaintiff's entire claim under the sequential evaluation process in light of the district court's

remand order, issued a decision finding plaintiff not disabled. On July 3, 2004, the Appeals Council denied review, making the ALJ's decision of April 4, 2004, the final decision of the Commissioner.

Plaintiff was 39 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school education and has past relevant work experience as a house cleaner, assembly line worker and clothes sorter, but has not engaged in any substantial gainful activity since her alleged onset date. For purposes of plaintiff's application for Title II benefits, plaintiff met the disability insured status requirements on her alleged onset date and has acquired sufficient coverage to remain insured through December of 2004.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease and status post laminectomy syndrome, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. In particular, as required by the district court's remand order, the ALJ found that plaintiff does not meet the Listing at 1.05C which was in effect at the time of plaintiff's first hearing in December of 2001.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of sedentary work but with certain restrictions recognizing the limiting effects of her impairments. In making this determination, the ALJ, as required in the remand order, specifically addressed the effects of plaintiff's medications on her residual functional capacity. Taking into account the limiting effects of plaintiff's impairments, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy, including television security monitor, telecommunicator, building receptionist and hand packager. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

- 4 -

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

Here, plaintiff challenges the ALJ's findings at steps 3 and 5[1] of the sequential evaluation process. Specifically, plaintiff contends that: (1) the ALJ erred at step 3 in determining that

---

[1] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

plaintiff does not meet a listing; (2) the ALJ improperly analyzed the medical evidence and failed to accord controlling weight to the opinion of plaintiff's treating physician; and, (3) the ALJ improperly analyzed plaintiff's testimony and subjective complaints regarding her pain and limitations.  Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first contends that the ALJ erred at step 3 in finding that plaintiff's back impairments do not meet or equal any listed impairment.  At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments.  Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000).  The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity.  Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d).  "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary."  Burnett, 220 F.3d at 119.

In his first decision, the ALJ analyzed plaintiff's back impairments under the new listing at 1.04 for disorders of the spine.  This listing took effect on February 19, 2002, the day before the ALJ's February 20, 2002, decision.  The district court's remand order directed the ALJ to reconsider his step 3 finding by analyzing plaintiff's impairments under the prior

listing at 1.05C which was in effect at the time of plaintiff's first hearing. The ALJ complied with the remand order and analyzed plaintiff's back impairments under Listing 1.05C in his decision presently under review. (R. 531). The ALJ adequately explained why plaintiff does not meet the relevant listing and his finding is supported by substantial evidence.

Plaintiff's next argument is that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity.[2] Specifically, plaintiff contends that the ALJ failed to accord the appropriate weight to an opinion from her treating physician, Dr. Drass, indicating that plaintiff is disabled. (R. 461). Upon review the court finds that the ALJ's evaluation of the medical evidence, including that from Dr. Drass, is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); <u>Fargnoli</u>, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

---

[2] Here the ALJ found that "[Plaintiff's] residual functional capacity for the full range of sedentary work is reduced by her need for a sit/stand option and a prohibition from engaging in excessive stair climbing, balancing, or stooping. She is to avoid exposure to excessive vibration, heights, moving machinery, and temperature or humidity extremes. [Plaintiff] is limited to simple, routine, unskilled work requiring no more than low levels of concentration and memory." (R. 535).

other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence. Based upon his review of the *entire* record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not meet or equal any listed impairment and do not preclude her from performing *any* substantial gainful activity. These findings are supported by substantial evidence as outlined by the ALJ in his decision. (R. 530-33).

The court also finds that the ALJ did not err in rejecting the opinion from Dr. Drass that plaintiff is disabled. First, the determination of disability is reserved solely to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on that ultimate determination. 20 C.F.R. §§416.927(e) and 416.946; SSR 96-5p. Here, based upon his review of the *entire* record, including the medical records and plaintiff's testimony, the ALJ concluded that plaintiff's impairments do not preclude her from performing sedentary level work.

- 8 -

Moreover, as the ALJ adequately explained in his decision, the limitations set forth by Dr. Drass are not supported by the objective findings of record, including Dr. Drass's own findings, and the record as a whole (R. 532). In fact, Dr. Drass himself is on record as indicating that plaintiff was disabled from performing her prior work but could perform sedentary level work (R. 458) and plaintiff's testimony likewise is consistent with an individual who can perform sedentary work with a sit/stand option[3] as found by the ALJ. (R. 545-46) Thus, because total disability is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, the ALJ did not err in giving Dr. Drass's opinion little weight. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p.

Plaintiff's final argument is that the ALJ improperly analyzed plaintiff's credibility. Specifically, plaintiff contends that the ALJ improperly minimized plaintiff's complaints of pain. After reviewing the record, the court finds that the ALJ properly evaluated plaintiff's subjective complaints in accordance with the regulations.

Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains

---

[3] Plaintiff testified at her hearing that she could lift 10 pounds and that she could sit in 30-minute intervals and stand in 30-45 minute intervals. (R. 544-45).

- 9 -

why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999). Here, in assessing plaintiff's credibility, the ALJ properly considered plaintiff's subjective complaints, but <u>also</u> considered her allegations in light of the medical evidence, her treatment history and all the other evidence of record. In doing so, he found that plaintiff's testimony as to her limitations was inconsistent with her daily activities as well as with the objective medical evidence. (R. 531). The court finds no error in the ALJ's credibility determination as it is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard, Suite B
    Altoona, PA 16602

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901